Milord A. Keshishian, Esq. (SBN 197835)
milord@milordlaw.com
J. Nicolas Anwandter, Esq. (SBN 294677)
nico@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Telephone: (310) 226-7878
Facsimile: (310) 226-7879

Attorneys for Julie Robinson

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ROBINSON, dba LITERARY AFFAIRS, | Case No.: 2:20-cv-8752-JFW(ASx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | [Discovery Matter] |
| JENNIFER CARSON; and DOES 1-10, | **Honorable Alka Sagar** |
| Defendants. | |

Pursuant to Fed.R.Civ.P. 26(c), the parties to this lawsuit, through undersigned counsel, jointly submit this Stipulated Protective Order (the "Stipulated Protective Order") to govern the handling of information and materials produced in the course of discovery or filed with the Court in this Action (as defined in Section 2.1 below).

46676037

1.    A. <u>PURPOSE AND LIMITATIONS</u>

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Nothing in this Stipulated Protective Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this Action, whether or not the same material has been obtained during the course of discovery in the Action and whether or not such documents or information have been designated hereunder.  However, in the event of a dispute regarding such independent acquisition, a party wishing to use any independently acquired documents or information shall bear the burden of proving independent acquisition.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or

46676037

proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, yet undisclosed author events, book selections, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing shall be designated without a good faith belief that there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

    2.1   <u>Action</u> shall refer to the above captioned action, case number 20-cv-

46676037

8752-JFW-AS.

2.2 <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.3 "<u>CONFIDENTIAL</u>" Information or Items:

Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose of preventing the disclosure of information or materials that the designating party in good faith believes is confidential. Before designating any specific information or material "CONFIDENTIAL," the Designating Party's Counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Such information may include, but is not limited to:

(a) Technical data, research and development data, and any other confidential commercial information, including but not limited to trade secrets of the Designating Party;

(b) Information which the Designating Party believes in good faith falls within the right to privacy guaranteed by the laws of the United States or California;

(c) Information which the Designating Party believes in good faith to constitute, contain, reveal or reflect proprietary, financial, business, technical, or other confidential information which is not otherwise protected as "Highly Confidential – Attorneys' Eyes Only".

(d) The fact that an item or category is listed as an example in this or other sections of this Stipulated Protective Order does not, by itself, render the item or category discoverable.

2.4 <u>Consultant</u>: A person, including non-party expert and/or consultant, retained or employed by Counsel to assist in the preparation of the case, to the

46676037

extent that they are reasonably necessary to render professional services in this Action, and subject to the disclosure requirements within this Stipulated Protective Order.

2.5     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff) (both defined herein).

2.6     Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.7     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.9     House Counsel: Attorneys who are employees of a Party to this Action including their associates, clerks, legal assistants, stenographic, videographic and support personnel. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Subject to the limitations in this Stipulated Protective Order, Designated Materials may be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the purpose of preventing the disclosure of information or materials which, if disclosed to the receiving party, might cause competitive harm to the Designating Party.  Information and material that may be subject to this protection includes, but is not limited to, technical and/or research and development data, intellectual

46676037

property, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the Designating Party's trade or business. Nothing in Section 2.3 shall limit the information or material that can be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Section. Before designating any specific information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Designating Party's Counsel shall make a good faith determination that the information warrants such protection. Such information may include, but is not limited to:

(a)     The financial performance or results of the Designating Party, including without limitation income statements, profit and loss statements, balance sheets, cash flow analyses, budget projections, purchase and sale records and present value calculations;

(b)     Corporate and strategic planning by the Designating Party, including without limitation marketing plans, competitive intelligence reports, sales projections and competitive strategy documents;

(c)     Names, addresses, and other information that would identify customers or prospective customers, or the distributors or prospective distributors of the Designating Party; and

(d)     Information used by the Designating Party in or pertaining to its trade or business, which information the Designating Party believes in good faith has competitive value, which is not generally known to others and which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence;

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12    Outside Counsel of Record: Attorneys who are not employees of a Party to this Action, but are retained to represent or advise a party to this Action

46676037

and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.13    Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record House Counsel(and their respective support staffs).

2.14    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their House Counsel or Outside Counsel of Record that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

STIPULATED PROTECTIVE ORDER

46676037

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

The use of Designated Materials at depositions or trial does not void the documents' status as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or void the restrictions on the use of the Designated Materials. Upon request of a Party, the Parties shall meet and confer concerning the use and protection of Designated Material in open court at any hearing.

At deposition, the Party using Designated Material must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Designated Material.

At trial, the Party using Designated Material must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Designated Material.

Prior to the pretrial conference, the Parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Designated Material</u>.  Information or material may be designated for

confidential treatment pursuant to this Stipulated Protective Order by the Designating Party, if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this Action; and/or (b) filed or lodged with the Court.

     5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

          (a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall designate materials by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page so designated prior to production.  If the first or cover page of a multi-page document bears the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire document shall be deemed so designated, and the absence of marking each page shall not constitute a waiver of the terms of this Stipulated Protective Order. If the label affixed to a computer disk containing multiple files bears the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire disk shall be deemed so protected, and the absence of marking of each file shall not constitute a waiver of the terms of this Stipulated Protective Order. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

          (b)    A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting

46676037

1 Party has indicated which documents it would like copied and produced. During
2 the inspection and before the designation, all of the material made available for
3 inspection shall be deemed "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL
4 – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the
5 documents it wants copied and produced, the Producing Party must determine
6 which documents, or portions thereof, qualify for protection under this Stipulated
7 Protective Order. Then, before producing the specified documents, the Producing
8 Party must affix the legend "CONFIDENTIAL" or "HIGHLY    CONFIDENTIAL
9 – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If
10 only a portion or portions of the material on a page qualifies for protection, the
11 Producing Party also must clearly identify the protected portion(s) (e.g., by making
12 appropriate markings in the margins).

13            (c)      Deposition transcripts and portions thereof taken in this Action
14 may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
15 ATTORNEYS' EYES ONLY" during the deposition or after, in which case the
16 portion of the transcript containing Designated Material shall be identified in the
17 transcript by the Court Reporter as "CONFIDENTIAL" or "HIGHLY
18 CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The designated testimony
19 shall be bound in a separate volume and marked by the reporter accordingly.

20            Where testimony is designated during the deposition, the
21 Designating Party shall have the right to exclude, at those portions of the
22 deposition, all persons not authorized by the terms of this Stipulated Protective
23 Order to receive such Designated Material.

24            Within sixty (60) days after a deposition transcript is certified by the
25 court reporter, any Party may designate pages of the transcript and/or its exhibits
26 as Designated Material.  During such sixty (60) day period, the transcript in its
27 entirety shall be treated as "CONFIDENTIAL" (except for those portions

28

46676037

identified earlier as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" which shall be treated accordingly from the date of designation).  If any Party so designates such material, the parties shall provide written notice of such designation to all parties within the sixty (60) day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing by page and line, or by underlining and marking such portions "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and providing such marked-up portions to all Counsel.

(d)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL "or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(e)     <u>Copies</u>.  All complete or partial copies of a document that disclose Designated Materials shall be subject to the terms of this Stipulated Protective Order.

5.3     When a Party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

(a)     Within forty-five (45) business days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

(b)     By notice to all Parties to this Action and to the Producing Party, if such party is not a party to this Action, identifying the materials to be

46676037

designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by email.

5.4     A Party shall be permitted to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced by a Producing Party only where:

(a)     The material being produced was provided to or developed by such Producing Party: (i) under a written confidentiality agreement with the Designating Party; or (ii) within a relationship with the Designating Party (or a party operating under the control thereof) in which confidentiality is imposed by law (including, but not limited, to the employment relationship and the vendor-customer relationship); or

(b)     The material being produced could be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material of the Designating Party under Section 2.3 or Section 2.10 of this Stipulated Protective Order if it were in the possession of the Designating Party.

5.5     Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

(a)     Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Stipulated Protective Order;

(b)     Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Stipulated Protective Order.

(c) If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner

46676037

authorized by this Stipulated Protective Order, the Party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further disclosure by the unauthorized person(s).

5.6     <u>Inadvertent Failures to Designate</u>.  If any party required to produce documents contends that it inadvertently produced any Designated Material without marking it with the appropriate legend, or inadvertently produced any Designated Material with an incorrect legend, the Producing Party may give written notice to the receiving party or parties, including appropriately stamped substitute copies of the Designated Material.  If the parties collectively agree to replacement of the Designated Material, then the documents will be so designated.  Within five (5) business days of receipt of the substitute copies, the receiving party shall return the previously unmarked or mismarked items and all copies thereof.  If the parties do not collectively agree to replacement of the Designated Material, the Producing Party shall comply with the procedure of Local Rule 37 in seeking protection for the inadvertently produced material.

Unless and until otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Materials designated under this Stipulated Protective Order shall be used by the parties and persons receiving such Designated Materials solely for conducting the above-captioned litigation and any appellate proceeding relating thereto.  Designated Material shall not be used by any Party or person receiving them for any business or any other purpose.  No Party or person shall disclose Designated Material to any other Party or person not entitled to receive such Designated Material under the specific terms of this Stipulated Protective Order.  For purposes of this Stipulated Protective Order, "disclose" or "disclosed"

means to show, furnish, reveal or provide, indirectly or directly, any portion of the Designated Material or its contents, orally or in writing, including the original or any copy of the Designated Material.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality (the "Challenging Party") at any time consistent with the Court's scheduling order(s). Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this

46676037

meet and confer process first or establishes that the Designating Party is unwilling

to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality under Civil Local Rule 37-1 et seq. (and in compliance with Civil Local Rule 79-5.1, if applicable) within twenty-one (21) days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Challenging Party to make such a motion including the required declaration within twenty-one (21) days (or fourteen (14) days, if applicable) shall automatically waive the ability to challenge the confidentiality designation for each challenged designation.  In addition, the Designating Party may file a motion for a protective order preserving the confidential designation at any time if there is good cause for doing so.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Until such time as a determination has been made on any such motion by the Court. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on

the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Materials designated "CONFIDENTIAL" may be disclosed only to the following Designees:

(a)    Any person who appears on the face of the Designated Material marked "CONFIDENTIAL" as an author, addressee, or recipient thereof;

(b)    Outside Counsel of Record to the parties in this Action, House counsel, and their respective associates, clerks, legal assistants, stenographic, videographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this Action and the employees of said organizations;

(c)    Experts, Consultants, including non-party experts and consultants retained or employed by Counsel to assist in the preparation of the case, to the extent they are reasonably necessary to render professional services in this Action, and subject to the disclosure requirements of Section 7.1.  Each Expert or Consultant must sign a certification (see "Exhibit A") that he or she has

46676037

read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Stipulated Protective Order's provisions;

(d)     A Party's officers and/or employees, which may include House Counsel;

(e)     The Court, its clerks, and Court officials, employees, secretaries, and any court reporter retained to record proceedings before the Court. Designated Material may be disclosed to any special master, referee, expert, technical advisor or Third-Party Consultant appointed by the Court, to the jury in this Action, and any interpreters interpreting on behalf of any party or deponent.; and

(f)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by those parties engaged in settlement discussions.  Each mediator or settlement officer must sign a certification that he or she has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Stipulated Protective Order's provisions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" Information or Items. Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the following Designees:

(a)     Any person who appears on the face of the Designated Material marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an author, addressee, or recipient thereof;

(b)     Counsel to the parties in this Action, including any Outside Counsel of Record, and their respective associates, clerks, legal assistants, stenographic, videographic and support personnel, and other employees of such

46676037

outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this Action and the employees of said organizations. ;

(c)     Experts or Consultants for the parties to this Action, as defined herein; and

(d)     The Court, its clerks, Court officials, employees, any special master, referee, expert, technical advisor or Third-Party Consultant appointed by the Court, to the jury in this Action, and any interpreters interpreting on behalf of any party or deponent;

(e)     Court reporters retained to transcribe depositions and/or retained to record proceedings before the Court; and.

(f)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by those parties engaged in settlement discussions provided that he or she sign a certification that he or she has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Stipulated Protective Order's provisions.

7.4     If any Party wishes to disclose information or materials designated under this Stipulated Protective Order as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any Expert and/or Consultant, it must first identify that individual to the Counsel for the Designating Party and submit a Certification pursuant to Section 7.8.

7.5     <u>Legal Effect of Designation</u>.  The designation of any information or materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is intended solely to facilitate the conduct of this litigation. Neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the

46676037

Designated Materials constitute or contain any trade secret or confidential information.  Except as provided in this Stipulated Protective Order, no Party to this Action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

7.6     Nothing herein in any way restricts the ability of the Receiving Party to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced to it in examining or cross-examining any employee or consultant of the Designating Party.[1]

7.8     Certificates Concerning Designated Materials.  Each Expert and/or Consultant, to whom any Designated Materials will be disclosed shall, prior to disclosure of such material, execute the Acknowledgement and Agreement to be Bound ("Acknowledgement") in the form attached hereto as "Exhibit A." Counsel who makes any disclosure of Designated Materials shall retain each executed Acknowledgement and shall circulate copies to all Counsel for the opposing party concurrently with the identification of the Expert and/or Consultant to the attorneys for the Designating Party.

7.9     Use of Designated Materials by Designating Party.  Nothing in this Stipulated Protective Order shall limit a Designating Party's use of its own information or materials, or prevent a Designating Party from disclosing its own information or materials to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to

---

[1]Parties and representatives of parties not entitled to receive the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material must leave the room for said portion of the deposition.

46676037

maintain the confidentiality of the information.

8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party (such notification shall include a copy of the subpoena or court order);

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. (such notification shall include a copy of this Stipulated Protective Order); and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Stipulated Protective Order are applicable to

46676037

information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

46676037

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as "Exhibit A."

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Any inadvertent production of documents containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines. All Parties specifically reserve the right to demand the return of any privileged documents that they may produce inadvertently during discovery if the Producing Party determines that such documents contain privileged information. After receiving notice of such inadvertent production by the Producing Party, the Receiving Party, within five (5) business days of receiving any such notice, agrees to locate and return to the producing party all such inadvertently produced documents, or certify the destruction thereof.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Stipulated Protective Order

46676037

abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3   <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5and ensure the materials are marked with the legend:

"CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER."

(a)   Filing the document under seal shall not bar any party from unrestricted use or dissemination of those portions of the document that do not contain material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)   If a filing party fails to seek to file under seal items which a party in good faith believes to have been designated as or to constitute "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, such party may move the Court to file said information under seal within four (4) days of service of the original filing.  Notice of such designation shall be given to all parties.  Nothing in this provision relieves a Party of liability for damages caused by failure to properly seek the filing of Designated Material under seal in accordance with Local Rule 79-5.2.2.

(c)   If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the

public record unless otherwise instructed by the Court.

(d)    Retrieval of Designated Materials.  The Party responsible for lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the Action (including after any appeals), to the extent the Court permits such retrieval.

12.4   Client Communication.  Nothing in this Stipulated Protective Order shall prevent or otherwise restrict Counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, Counsel shall not disclose any Designated Material, except as otherwise permitted by this Stipulated Protective Order.

12.5   No Contract.  This Stipulated Protective Order shall not be construed to create a contract between the Parties or between the Parties and their respective Counsel.

12.6   Court's Retention of Jurisdiction.  The Court retains jurisdiction after final termination of the Action prior to trial, to enforce this Stipulation.

12.7   This Stipulated Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consented in writing before the disclosure takes place.

12.8   Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Protective Order shall not be admissible for any purpose during any proceeding on the merits of this Action.

12.9   By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in

46676037

evidence any of the material covered by this Stipulated Protective Order. Moreover, this Stipulated Protective Order shall not preclude or limit any Party's right to seek further and additional protection against or limitation upon production of documents produced in response to discovery.  The Parties reserve their rights to object to, redact or withhold any information, including confidential, proprietary, or private information, on any other applicable grounds permitted by law, including third-party rights and relevancy.

12.10 Nothing in this Stipulated Protective Order shall require disclosure of materials that a Party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.  This provision shall not, however, be construed to preclude any Party from moving the Court for an order directing the disclosure of such materials where it disputes the claim of attorney-client privilege or attorney work-product doctrine.

13.   <u>FINAL DISPOSITION</u>

13.1   <u>Modification</u>.  The Parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause.  The Parties agree to meet and confer prior to seeking to modify this Stipulated Protective Order for any reason. The restrictions imposed by this Stipulated Protective Order may only be modified or terminated by written stipulation of all Parties or by order of this Court.  Parties entering into this Stipulated Protective Order will not be deemed to have waived any of their rights to seek later amendment to this Stipulated Protective Order.

13.2   <u>Survival and Return of Designated Material</u>.  After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, provided that no Party will be required

46676037

to expunge any system back-up media such as copies of any computer records or files containing Protected Material which have been created pursuant to automatic archiving or back-up procedures on secured central storage servers and which cannot reasonably be expunged, and further provided that any destruction does not destroy or affect the destroying party's computer programs, hardware, software, servers, or the like. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record and House Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

14.    Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

46676037

## **STIPULATION**

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated:  May 27, 2021          By:     /s/ *Milord A. Keshishian*
                                              Milord A. Keshishian
                                              MILORD & ASSOCIATES, PC
                                              Attorneys for Plaintiff
                                              Julie Robinson

Dated:  May 27, 2021          By:     /s/ Erica J. Van Loon
                                              Erica J. Van Loon
                                              Lathrop GMP LLP
                                              Attorneys for Defendant


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  June 1, 2021


_____/ s / Sagar_____
Honorable Alka Sagar
United States Magistrate Judge

46676037

## <u>Attestation Pursuant to L.R. 5-4.3.4(a)(2)(i)</u>

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 27, 2021                    /s/ Milord A. Keshishian
                                                 Milord A Keshishian

46676037

## **Exhibit A**

| | |
|---|---|
| JULIE ROBINSON, dba LITERARY AFFAIRS, | Case No.: 2:20-cv-8752-JFW-AS |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | |
| JENNIFER CARSON; and DOES 1-10, | |
| Defendants. | |

The undersigned hereby acknowledges that he/she has read the entirety of the STIPULATED PROTECTIVE ORDER entered in the above captioned Action, and that he/she fully understands and agrees to abide by the obligations and conditions thereof. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Dated: _____     _____
                                                              (Signature)

                                                        _____
                                                              (Print Name)

46676037